LE BLANC, Justice.
Plaintiff sues for the restoration of ■certificates of stock, United States War Savings Bonds and a certain sum of cash which she alleges she entrusted to the ■defendant, who is one of her sons, during •the month of July, 1948 and which he refuses to return to her. This, she alleges, happened shortly before she went ito Dallas, Texas, to visit with another nf her sons who lived there.
The gist of her petition is that after her return from Dallas, she had been prevailed on to turn over these assets under the belief that if she divested herself of all her property, she could become eligible for “Old Age Assistance” provided by the State of Louisiana. The property involved consists of 42 shares of stock of the American Telephone & Telegraph Company, 3 United States War Savings Bonds of $1,000 each and 1 such bond of $100, and cash in the sum of $2,963.63, proceeds from accumulated dividends of the Jackson Homestead Association.
Petitioner alleges in detail how on October 7, 1948, her grand-daughter, a daughter of the defendant, believing that she. could thus qualify for “Old Age Assistance”, persuaded her to take the course she followed; that her said grand-daughter accompanied her to the office of the homestead association and assisted her in withdrawing the dividends therefrom and then went to the bank to cash her check, and also later on went with her to the office of Merrill Lynch, Pierce, Fenner & Beane for the purpose of effecting the transfer of the 42 shares of American Telephone & Telegraph Company stock to'the defendant. She alleges that again later on her granddaughter accompanied her to the Federal Reserve Bank for the purpose of adding the name of the defendant on the War Savings Bonds and making him the beneficiary thereof at her death.
*884 She then avers that about December 1, 1948, she informed her daughter, with whom she lived, of her intention to apply for “Old Age Assistance” without divulging to her, however, that she had entrusted her securities, bonds and cash to the defendant, and that her said daughter then dissuaded her from doing so as she possessed sufficient means for her own support and admonished her that if she did receive any benefits as an old age pensioner from the State, she might be ordered to return them.
It was then that she demanded the return of her assets from the defendant, basing her claim on the ground that they had been turned over to him for the purpose of enabling her to qualify for "Old Age Assistance” and thus a relation of principal and agent had arisen between them and that since she had abandoned the idea she had of obtaining any benefits from the State, the relation terminated and she had the right to demand the return of her property.
In the alternative plaintiff pleaded that in the event the Court should hold that she had made a manual gift of the property to her son, that said donation is omnium bonorum and therefore null and void under the terms of Article 1497 of the Revised Civil Code.
Plaintiff prayed for a temporary restraining order and for a rule nisi for a preliminary injunction and, alternatively, for a writ of mandamus commanding the defendant to surrender and deliver her property to her. The district judge granted the restraining order and issued the rule-for a preliminary injunction. On return to the rule defendant filed an exception of no cause or right of action. On hearing-the exception the trial judge issued an-order stating that plaintiff could not ordinarily proceed in the manner she was-attempting by praying for a preliminary injunction and a writ of mandamus but: inasmuch as counsel for defendant had. admitted that defendant had the securities-in his possession and was willing to place-them in an envelope bearing the number and. title of the cause and deposit the envelope-in his (Counsel’s) bank box, he would order a judicial sequestration of the property-which he did. In effect the ruling disposed, of the exception, for defendant immediately thereafter filed his answer and apparently the case was then tried on the merits.
After hearing the evidence on the trial,, the district judge rendered judgment in-favor of the plaintiff and against defendant decreeing the transfer of the property to the latter a donation omnium bonorum- and therefore null and void. Plaintiff' was accordingly decreed to be the owner of the 42 shares of American Telephone & Telegraph Company stock and th.e four United States War Savings Bonds, and $100 cash, all of which defendant was. ordered to turn over to her. The claim-against defendant for the balance of the cash amounting to $2,863.63 was dis *886 missed. Defendant appealed and plaintiff has answered the appeal asking that the judgment be amended by increasing the .amount of cash awarded to the sum of :$2,963.63 and that as thus amended, the judgment be'affirmed.
Counsel for defendant re-urges .the exception of no cause or right of action in this Court but in view of the disposition that was made of it in the lower ■court we find that it is no longer an issue ■in the case and therefore it is unnecessary for us to consider it.
During the trial of the case the district judge seems to have become convinced that the transfer of the stock and '.bonds and the sum of $100 cash by the •plaintiff to her son, the defendant, was .a donation of all her property without reserving enough to herself for subsistence and as such it was null and void as prescribed by Article 1497 of the Civil ‘Code. 'This, as has been noted, was plaintiff’s alternative demand. In view of his .apparent conviction he heard but little testimony on her principal demand that she bad entrusted her property to her son -in the capacity of an agent so that she ■could qualify for “Old Age Assistance” from the State.
Regardless of what her purpose was in placing this property in his hands, the testimony is not sufficient to support the transfer as a donation nor as the payment of a debt or compensation for services rendered, as he contends. As a matter of fact defendant himself admits that his mother left the securities with him for safe-keeping. The bonds and certificates of stock were all in the same package and, as he testifies, he did not accept them for himself but “for safe-keeping for her” as she had asked him to do. Assuming that he was referring to the delivery she made before leaving for Dallas, there is no doubt but her action then merely created the relation of principal and agent between them. After her return from Dallas and the plan to have her divest herself entirely of her property in order to become eligible for “Old Age Assistance” was developed, and she then actually transferred the stock and converted her homestead dividends into cash, her intention always was to retain the ownership of her property and never to donate it to her son or to turn it over to him in payment or compensation for anything he now claims she owed him.
The cash, proceeds from the Jackson Homestead Association dividend check, was handled separately. Defendant admits having received $100 cash from his mother but positively denies that he ever received the $2,963.63, proceeds from the dividend check. Plaintiff’s testimony that she turned over the entire amount, even to the last penny, is not sufficient to support that part of her demand. The testimony of various witnesses regarding certain statements she made in their presence concerning the cash money she had, casts con *888 siderable doubt on her own testimony on this point. The district judge was right in rejecting and dismissing that item. Otherwise his decree is correct and accordingly the judgment appealed from is affirmed at the costs of the defendant.